# UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| IN RE: | ) | Case No. 16-02447-JW |
| | ) | |
| Chicora Life Center, LC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| | ) | Adversary No. 16-80046-JW |
| Chicora Life Center, LC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Charleston County, a political subdivision of South Carolina, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER DENYING DEFENDANT'S MOTION TO QUASH AND/OR FOR A PROTECTIVE ORDER REGARDING THE DEPOSITION SUBPOENA AND DEPOSITION NOTICE OF COUNTY ATTORNEY JOSEPH DAWSON, III

This matter comes before the Court on the motion of the defendant Charleston County, a political subdivision of South Carolina ("County"), asking this Court to quash the Subpoena to Testify at a Deposition in Bankruptcy Case (or Adversary Proceeding) and the Notice of Taking Deposition served on County Attorney Joseph Dawson, III ("Motion") [Dkt. No. 130]. Debtor and plaintiff Chicora Life Center, LC ("Chicora") opposed the Motion. Both parties briefed the issues, and a hearing was held on April 5, 2017, at which counsel presented arguments. After a

review of the briefing and consideration of the arguments, the Court denies the relief requested by the County and makes the following findings of fact and conclusions of law.[1]

## FINDINGS OF FACT

1. Chicora filed a voluntary petition under Chapter 11 of the Bankruptcy Code on May 16, 2016. Chicora's primary asset is a 400,000 square foot facility located in North Charleston, South Carolina.

2. On May 17, 2016, Chicora filed the above-captioned adversary proceeding against the County. In the Complaint,[2] Chicora seeks to enforce its leasehold rights under a commercial lease entered into with the County on June 30, 2014, as amended from time to time (collectively, the "Lease"). The Complaint asserts claims against the County for breach of contract and damages arising from the County's March 2016 notice of termination, as well as a declaratory judgment that the County's March 2016 termination was improper and ineffective. The Complaint also seeks specific performance, damages, and other relief against the County.

3. The County answered the Complaint,[3] denying that Chicora was entitled to the requested relief and asserting various defenses and several counterclaims against Chicora. The Answer asserts counterclaims against Chicora for breach of contract, a declaratory judgment that the Lease is terminated, and a claim for conversion arising out of Chicora's retention of certain

---

[1] To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such, and to the extent any of the following conclusions of law constitute findings of fact, they are so adopted.

[2] The original complaint was amended on August 31, 2016, and again by consent on January 3, 2017. The original complaint, together with any amendments, will hereinafter be collectively referred to as the "Complaint."

[3] The County filed its answer and counterclaims: (a) to the original complaint on June 24, 2016; (b) to the amended complaint on September 7, 2016; and (c) to the second amended complaint on January 17, 2017. The answers and counterclaims will be collectively referred to herein as the "Answer."

2

personal property purchased by the County and in Chicora's possession. The County seeks monetary damages against Chicora and a return of the personal property.

4. The parties have been engaged in discovery since August 2016.

5. On March 10, 2017, Chicora served a Subpoena to Testify at a Deposition in a Bankruptcy Case (or Adversary Proceeding) and a Notice of Taking Deposition on County Attorney Joseph Dawson, III ("Dawson"), requiring Dawson to appear for his deposition on March 20, 2017.

6. At the same time, Chicora served a Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding), requiring Dawson to produce certain documents on or before March 20, 2017.

7. In response, the County filed the instant Motion to quash Dawson's deposition on March 15, 2017, seeking to completely bar Chicora from deposing Dawson because Dawson is an attorney for the County and is counsel of record in this matter.[4]

## CONCLUSIONS OF LAW

The County asks the Court to quash Dawson's deposition pursuant to Rule 45(d)(3)(A)(iii) of the Federal Rules of Civil Procedure or to issue a protective order preventing Dawson's deposition pursuant to Rule 26(c) of the Federal Rules of Civil Procedure. Rule 45(d)(3)(A)(iii) requires a court to quash or modify a subpoena if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Rule 45(d)(3)(A)(iii), F.R.C.P. Rule 26(c) allows a court "for good cause" to "issue an order to protect a party or

---

[4] The County has not moved to quash the Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Bankruptcy Case (or Adversary Proceeding) nor has it sought any protective order regarding the same. Therefore, Chicora's subpoena for documents is not currently at issue.

person from annoyance, embarrassment, oppression, or undue burden or expense." Rule 26(c), F.R.C.P.

Because the County seeks to avoid Dawson's deposition based on the attorney-client privilege or work product doctrine, the County bears the burden of demonstrating the applicability of the privilege and/or protection. *See Solis v. Food Employers Labor Relations Ass'n*, 644 F.3d 221, 232 (4th Cir. 2011). The County urges this Court to instead follow the standard regarding deposing the attorney of a party opponent set forth by the Eighth Circuit in *Shelton v. American Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), to shift the burden to Chicora to demonstrate that Dawson's deposition is appropriate. The County asserts *Shelton* was cited with approval by the District of South Carolina in *Cooper v. Omni Insurance Co.*, 2015 WL 1943802 (D.S.C. April 29, 2015).

The *Shelton* decision is not binding on this Court and was not accepted by the *Cooper* court. In *Cooper*, the District of South Carolina reviewed the three-prong test adopted by the *Shelton* court, which found that a deposition of an opponent's attorney "can only occur where the party seeking it shows: (1) no other means exist to obtain the information than to depose opposing counsel, (2) the information sought is relevant and non-privileged, and (3) the information is crucial to the preparation of the case." *Cooper*, at *2-4 (*citing Shelton*, 805 F.2d at 1327). *Shelton* was a products liability action against an automobile manufacturer resulting from a rollover accident, and plaintiffs' counsel sought to ask the manufacturer's in-house attorney questions during her deposition about the existence of documents concerning rollover tests or accidents. 805 F.2d at 1324-27. Importantly, the court noted that the manufacturer was willing to answer such questions through depositions of its employees who were not in the litigation department. *Id.* at 1327. The court also found it significant that the manufacturer's

attorney was not involved in the subject matter of the litigation in any way: "In-house counsel in this case had nothing to do with this lawsuit except to represent her client. She did not design the jeep or have any duties in relation to the design of the jeep; nor, of course, was she a witness to the accident." *Id.* at 1330. As a result, any response she could give regarding the existence of such documents would necessarily reveal what she had chosen to review in her preparation of the case, infringing upon the work product protection. *Id.; see also Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726, 730-31 (8th Cir. 2002) ("The *Shelton* test was intended to protect against the . . . disclosure of the attorney's litigation strategy."). Accordingly, plaintiffs' counsel was not allowed to pose those particular questions regarding the existence of rollover-test or rollover-accident documents to the manufacturer's attorney during her deposition. 805 F.2d at 1330.

The *Cooper* court also reviewed the "flexible approach" espoused by the Second Circuit in *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 72 (2d Cir. 2003). *Cooper*, at *4. In *Friedman*, the attorney whose deposition was sought consented to his deposition before the court could consider the matter. 350 F.3d at 67. Although the *Friedman* court noted the issue was moot, the court nevertheless felt compelled to provide guidance regarding the appropriate analysis to undertake in such situations. *Id.* at n.4. The court advised that Rule 26 requires courts to "take[] into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id.* at 72. "Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.*

Although the *Cooper* court discussed both the *Shelton* rule and the *Friedman* court's flexible approach, it declined to adopt either standard. *Cooper*, at *6. The *Cooper* court relied instead on whether "there is any information peculiarly within [the prospective attorney deponent's] knowledge and/or that no other means exist from which to obtain the information." *Id.* In *Cooper*, a plaintiff asserted a bad faith claim against an insurer in connection with an underlying automobile accident case. *Id.* at *1. The plaintiff's attorney represented the plaintiff in both the bad faith action and the underlying case. *Id.* The insurer's counsel moved to compel the deposition of the plaintiff's attorney regarding the failure to settle the underlying automobile matter. *Id.* at *2. The *Cooper* court refused to allow the deposition, noting that the insurer's counsel had not made any efforts to depose those with whom plaintiff's counsel had communicated regarding settlement and, therefore, was not able to show that the information sought was peculiarly within the plaintiff's counsel's knowledge. *Id.* at *6-7.

Accordingly, the burden of proof has not shifted to Chicora to prove the *Shelton* factors in order to depose Dawson in this matter. The burden of proof remains with the County to identify any specific matters of attorney-client privilege or work product protection which it seeks to protect in Dawson's deposition, and the County has failed to meet this burden. Moreover, the information sought in Dawson's deposition is peculiarly within Dawson's knowledge, and Chicora has been unable to obtain the information from others despite its attempts to do so. In fact, County officials and employees repeatedly indicated that they lacked such knowledge and deferred to Dawson in their own depositions.

Chicora deposed Elliott Summey ("Summey"), an elected member of Charleston County Council who served as Council Chairman during much of the time period relevant to this matter. Summey denied having knowledge regarding a number of issues and specifically deferred to

6

Dawson on those topics. Similarly, Chicora deposed Keith Bustraan ("Bustraan"), who initially served as the County's Deputy Administrator for Finance during the negotiation and execution of the subject Lease and then as the County Administrator from March 2015 to the present, and Walt Smalls ("Smalls"), an employee of the County tasked with managing the County's numerous buildings. Like Summey, Bustraan and Smalls also denied having knowledge of certain issues and deferred to Dawson in those areas. The issues that these employees deferred to Dawson, include, but are not limited to, the following: (1) negotiation and execution of an agreement between the County and the Medical University of South Carolina for MUSC to purchase the Charleston Center which currently houses the social services agencies which were to be moved to the Chicora property; (2) resolution of an issue with a liquidated damages provision included in the County's agreement with MUSC to purchase the Charleston Center; (3) the County's proposal to amend the Lease with Chicora to include a liquidated damages provision identical to the liquidated damages provision in the County's agreement with MUSC; (4) the County's consideration of purchasing the Chicora property; and (5) discussions with Chicora's lender. These subject areas are related to whether the County was fulfilling its obligations pursuant to its Lease with Chicora and acting in good faith generally, which is relevant to Chicora's claims as well as the County's counterclaims and Chicora's defense to those counterclaims. The testimony of each of these County officials and employees evidences that there is information peculiarly within the knowledge of Dawson which has proven to be unavailable from any other source despite Chicora's attempts. Thus, by the standard espoused in *Cooper*, Chicora is allowed to depose Dawson in this matter.

Although neither the *Shelton* standard or the *Friedman* approach is binding, allowing Dawson's deposition to proceed is nevertheless consistent with both decisions. First, as noted

above, the *Shelton* court did not find that a deposition of a party opponent was entirely inappropriate and instead barred only those questions which would necessarily infringe upon the work product protection. The same would be appropriate here. Unlike the *Shelton* matter where other non-litigation party employees were available to answer those particular questions, Chicora has already unsuccessfully attempted to obtain the information sought from Dawson from other County employees and officials who denied having knowledge and deferred instead to Dawson. Also unlike in *Shelton* where the in-house attorney had nothing to do with the design of the motor vehicle at issue in the products liability action, Dawson was intrinsically involved in the subject matter which is the heart of the dispute in this case. Moreover, the three *Shelton* factors are satisfied as there is no other means to discover this information, which is relevant, nonprivileged, and crucial to Chicora's case.

Next, allowing Dawson's deposition is consistent with the *Friedman* "flexible approach." Considering the entirety of the circumstances, permitting Dawson's deposition cannot be said to constitute an inappropriate burden. Chicora has a great need to depose Dawson as the information is otherwise unavailable, and Dawson played a significant role in connection with the claims at issue in this matter. Regardless of the standard applied, Chicora is allowed to proceed with Dawson's deposition.

Accordingly, I hereby deny the County's Motion to Quash, allowing Chicora to proceed with the deposition of Dawson. However, Chicora should not attempt to elicit testimony protected by the attorney-client privilege or work product protection or beyond the scope of the causes of action and defenses in this matter, and Dawson retains the right to assert the privilege and/or protection should the need arise in response to any particular question in accordance with the Federal Rules of Civil Procedure and related authority.

## **CONCLUSION**

For the reasons stated herein, the Court denies the County's Motion.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**04/10/2017**



Entered: 04/10/2017

*John E Waites*

US Bankruptcy Judge
District of South Carolina